IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02583-PAB-KMT

DINGO, INC., a Colorado corporation,

    Plaintiff,

v.

WHO YA GONNA CALL BARK BUSTERS PTY., LTD., a New South Wales, Australia corporation,

    Defendant.

## ORDER

This matter is before the Court on the Application for an Order Confirming Arbitration Award [Docket No. 33] filed by defendant Who Ya Gonna Call Bark Busters Pty., Ltd. ("Bark Busters").  Plaintiff Dingo, Inc. did not file a response.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Dingo is a Colorado corporation that licenses Bark Busters' dog training services pursuant to a License Agreement, Docket No. 1-1, executed on December 9, 2003.  Docket No. 1 at 2, ¶¶ 3, 5.  The parties' License Agreement authorizes Dingo to offer dog training services under the "Bark Busters" trademark and utilize Bark Busters' proprietary information in exchange for monthly royalty payments.  *Id*. at 3, ¶ 6.  The parties' License Agreement is set to expire on December 8, 2013.  Docket No. 1-1 at 7, ¶ 11.

On September 17, 2012, Bark Busters sent Dingo a Notice of Termination, Docket No. 1-2, in which Bark Busters sought to cancel the License Agreement

because (1) Dingo allegedly failed to pay the full amount of royalties due and (2) Dingo allowed a third party entity to use Bark Busters' intellectual property. Docket No. 1 at 4, ¶ 13. After receiving Bark Busters' Notice of Termination, Dingo filed this case on September 28, 2012, requesting that the Court enjoin Bark Busters from cancelling the License Agreement without participating in the alternative dispute resolution procedures mandated by the License Agreement. See Docket No. 1 at 6.

Sometime after Dingo filed this case, the parties agreed to arbitrate their dispute in Sydney, New South Wales, Australia. Docket No. 33 at 2, ¶ 3. The arbitration proceedings began on December 3, 2012 and concluded on December 5, 2012. Id. On December 20, 2012, the arbitrator, Rashda Dana, issued a partial monetary award in favor of Bark Busters. See Docket Nos. 33-1 to 33-6. On January 9, 2013, Bark Busters filed the present motion requesting that the Court confirm the arbitration award. Docket No. 33.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 et seq., confirmation of an arbitration award is a summary procedure and courts "**must** grant . . . an order [confirming an arbitration award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9 (emphasis added). In addition, a district court is not to "hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision." Hosier v. Citigroup Global Mkts., Inc., 835 F. Supp. 2d 1098, 1101 (D. Colo. 2011) (citation omitted). Moreover, under 9 U.S.C. § 207, a court must confirm an arbitration award that complies with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). First State Ins. Co. v.

*Banco de Seguros Del Estado*, 254 F.3d 354, 357 (1st Cir. 2001); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (noting that an action to confirm foreign arbitral award under the Convention is subject to the Constitution's due process requirements).

Generally, maximum deference is owed to the arbitrators because the parties have contracted to use binding arbitration, rather than litigation, as a means to resolve their disputes. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (noting that, by agreeing to arbitrate, a party "trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration"). Thus, arbitration awards must be confirmed even in the face of errors in an arbitration panel's findings or its interpretation and application of the law. *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997).

To give full effect to the parties' contractual agreement, arbitration awards may be vacated by a court only on extremely limited grounds. *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010). The Tenth Circuit has characterized the standard of review as "among the narrowest known to law." *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000). Accordingly, a district court may vacate an arbitral award only for reasons enumerated in 9 U.S.C. § 10 or "a handful of judicially created reasons." *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (citation omitted).

Under § 10 of the FAA, a district court may vacate an arbitration award if it finds that: (1) the award was procured by corruption, fraud, or undue means; (2) there was

evidence that the arbitrators were partial or corrupt; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their powers or imperfectly executed them. 9 U.S.C. § 10(a)(1)-(4). In addition, the "handful of judicially created reasons" that a district court may rely upon to vacate an arbitration award include violations of public policy, an arbitrator's manifest disregard of the law, or the denial of a fundamentally fair hearing. *Sheldon*, 269 F.3d at 1206 (citation omitted).

Because plaintiff has not responded to defendant's motion, possible errors requiring reversal that may have occurred during the arbitration have not been presented to the Court. In addition, there are no allegations that the arbitration occurred pursuant to an invalid arbitration clause. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (noting that the decision whether to enforce an arbitration agreement requires a two-step inquiry: first, the Court must determine whether a valid agreement to arbitrate exists; and, second, the Court must determine whether the specific dispute falls within the scope of that agreement). Nor is it disputed that the issues discussed in the arbitration fell within the scope of the arbitration clause. *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005). Furthermore, there is no evidence the arbitration did not comply with the Convention. *See Glencore Grain*, 284 F.3d at 1120. Accordingly, because no valid grounds to vacate, modify, or correct the arbitration award have been presented, the Court will confirm the Partial Arbitration Award of Arbitrator Rashda Rana. Docket Nos. 33-1 to 33-6; 9 U.S.C. § 9.

For the foregoing reasons, it is

**ORDERED** that defendant's Application for an Order Confirming Arbitration Award Pursuant to 9 U.S.C. §§ 201 and 207 [Docket No. 33] is **GRANTED**.  It is further

**ORDERED** that the Partial Award of Arbitrator Rashda Rana, executed on December 20, 2012, and attached hereto as Exhibits A through F, is **CONFIRMED**.  It is further

**ORDERED** that plaintiff Dingo, Inc. is ordered to pay defendant Who Ya Gonna Call Bark Busters Pty., Ltd. the amount of $59,945.20 for costs incidental to the arbitration.  It is further

**ORDERED** that Dingo, Inc. is ordered to pay defendant Who Ya Gonna Call Bark Busters Pty., Ltd. the amount of $14,368.00 for the arbitrator's fees and expenses.

DATED July 3, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge