IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02583-PAB-KMT

DINGO, INC., a Colorado corporation,

    Plaintiff,

v.

WHO YA GONNA CALL BARK BUSTERS PTY., LTD., a New South Wales, Australia corporation,

    Defendant.

## ORDER

On July 18, 2013, the Court issued an Order to Show Cause [Docket No. 40], why this case should not be dismissed given that there were no remaining claims at issue. Docket No. 40 at 1. Neither party responded to the Order to Show Cause by the deadline of July 29, 2013.

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a party's claims for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by Local Rule 41.1, which states:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.  The Tenth Circuit interprets Fed. R. Civ. P. 41(b) as impliedly bestowing the district court with the authority directly conferred by Local Rule 41.1.  *See Yates v. Arkin*, 242 F. App'x 478, 482 (10th Cir. 2007) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

Generally, courts consider the following criteria in determining whether a dismissal with prejudice pursuant to Rule 41(b) is warranted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).

In this case, dismissal will not prejudice defendant as it was a signatory to the Joint Status Report [Docket No. 35], which indicated that there were no remaining claims at issue.  Hence, the first *Ehrenhaus* factor weighs in favor of dismissal.  Second, the parties' failure to comply with the Court's Order to Show Cause demonstrates a lack of respect for the judicial process.  In addition, the need to issue additional Orders to Show Cause increases the workload of the Court and interferes with the administration of justice.  Thus, the second *Ehrenhaus* factor weighs in favor of dismissal.

Because the parties are culpable for the delay in the prosecution of this case since they did not respond to the Court's Order, the third *Ehrenhaus* factor also weighs in favor of dismissal.  Similarly, the fourth *Ehrenhaus* factor weighs in favor of dismissal

because the Court specifically warned the parties that failure to respond to the Court's Order would lead to dismissal.  See Docket No. 40 at 1.  Finally, the Court finds that, although the parties' conduct is condemnable, it is not sufficiently egregious to warrant dismissal with prejudice.  See Ehrenhaus, 965 F.2d at 920 ("Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort") (internal quotation marks omitted).  Thus, after considering the Ehrenhaus factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is

**ORDERED** that this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute and to obey orders of the Court.

DATED July 30, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge